Van Dyk *v.* Dodd.

---

### James Van Dyk *against* Abraham Dodd.

#### ON CERTIORARI.

A state of demand in tresspass for breaking plaintiff's close and cutting and taking away his grain, grass, wood, hay, &c., without alleging the *quantity* and *value* of each article, is sufficient.

The opinion of the court was delivered by Justice FORD.

*W. Halsted,* att'y for defendant.   *Kearney,* for plaintiff.

FORD, J.  · This was an action of trespass against James Van Dyk for breaking and entering the plaintiff's close, and cutting down and carrying away his grain, grass, wood, hay, corn, &c.   The plaintiff recovered a verdict for $60, and there are nine reasons offered for setting the judgment aside; but the last eight being unsupported by the record, and in no wise verified, the first reason is the only one to be considered; and this is, " because the declaration is wholly informal, and wants substance."

Now *informality* has been settled repeatedly to be no good reason for reversing the judgment, provided it is good in *substance.*   And it contains the following charge: " that 23d of July, 1817, the defendant, with force and arms, broke and entered the plaintiff's close and barn, at Bloomfield, in the county of Essex, and the grain, grass, wood, hay, corn, boards, apples, and garden vegetables of the plaintiff then *grown* and *growing,* did cut down, carry off, waste and destroy, to the plaintiff's damage, one hundred dollars." Here is substance enough.   Had it alleged the *quantity* and *value* of each article it would have been more *formal;* but the uttermost form of the book alleges quantity and value under a *videlicet,* and then they are not to be proved *as laid,* but are left *open* to any evidence that the plaintiff may be able to adduce at the trial.   The declaration is sufficient in substance.

Let the judgment be affirmed.